FILED
United States Court of Appeals
Tenth Circuit

December 19, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

KENNETH HOON,

　　　　Defendant - Appellant.

No. 07-8007

(D. Wyoming)

(D.C. No. 05-CR-270-WFD)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Kenneth Hoon pleaded guilty in the United States District Court for the District of Wyoming to one count of conspiracy to possess with the intent to distribute methamphetamine and marijuana. *See* 21 U.S.C. §§ 841, 846. He did so without entering into a plea agreement. The court sentenced him to 151 months' imprisonment, and he appealed. His counsel has submitted an *Anders* brief raising four potential issues regarding sentencing, along with a motion to

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

withdraw.  *See Anders v. California*, 386 U.S. 738 (1967).  Mr. Hoon responded, but raised no new issues.

In *Anders* the Supreme Court held that a court-appointed defense counsel may "request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous."  *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).  To this end, counsel must

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record.  The client may then choose to submit arguments to the court.  The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous.  If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citations omitted).  We proceed to examine the issues presented in the *Anders* brief.

The first issue is whether the district court properly calculated the drug quantity used to determine Mr. Hoon's offense level under the United States Sentencing Guidelines.  We review the sentencing court's factual findings for clear error and reverse "only if the district court's finding was without factual support in the record or we are left with the definite and firm conviction that a mistake has been made."  *United States v. Dalton*, 409 F.3d 1247, 1251 (10th Cir. 2005) (internal quotation marks omitted).  "When the actual drugs underlying a drug quantity determination are not seized, the trial court may rely upon an

estimate to establish the defendant's guideline offense level so long as the information relied upon has some basis of support in the facts of the particular case and bears sufficient indicia of reliability." *Id.* (internal quotation marks omitted). "[T]he Court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3(a); *see United States v. Dazey*, 403 F.3d 1147, 1177 n. 7 (10th Cir. 2005).

Drug Enforcement Administration Special Agent Steve Woodson testified at the sentencing hearing about the fruits of his investigation of the case. In particular, he summarized statements by coconspirators and records of wire transfers of money. Mr. Hoon contends that statements by two of his coconspirators should not have been relied on, but we see no reason why the district court could not have found the statements credible and reliable, particularly in light of the corroborating information.

Next, the *Anders* brief argues that the district court should have reduced Mr. Hoon's offense level under USSG § 3B1.2 to reflect his minor or minimal role in the offense. United States Sentencing Guidelines § 3B1.2 comment note 5 explains that a minor participant is one "who is less culpable than most other participants"; a minimal participant, according to comment note 4, is a defendant who is "among the least culpable of those involved," lacking full "knowledge or

-3-

understanding of the scope and structure of the enterprise." Mr. Hoon bore the burden of persuading the court that he was entitled to a reduction under § 3B1.2. *See United States v. Virgen-Chavarin*, 350 F.3d 1122, 1131 (10th Cir. 2003). The court quite reasonably was unpersuaded. In addition to the evidence of the amount of drugs received by Mr. Hoon, Agent Woodson testified that Mr. Hoon sent $12,000 to $15,000 by wire to individuals known to be involved in narcotics. Furthermore, as the court observed, Mr. Hoon "was in this conspiracy over a long period of time." R. Vol. 6 at 60–61.

The *Anders* brief's third argument is that the district court erred in refusing to depart downward under USSG §5K2.12, which permits a departure "[i]f the defendant committed the offense *because* of serious coercion, blackmail or duress." (emphasis added). As stated in the Guidelines, "Ordinarily coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party . . . ." *Id.* "[T]he alleged coercion must have caused the defendant to commit the criminal act." *United States v. Gallegos*, 129 F.3d 1140, 1145 (10th Cir. 1997). Mr. Hoon claimed for the first time at the sentencing hearing that a coconspirator forced him to continue in the conspiracy by confiscating his vehicle for nonpayment of a drug debt. The court rejected the argument on the grounds that it was untimely and no evidence supported the coercion claim. The court was correct on both grounds. In particular, the alleged

incident occurred well after Mr. Hoon entered the conspiracy. The evidence suggests that participation in the conspiracy begat the threat, not the other way around.

The *Anders* brief's last argument is that the district court should have treated two of Mr. Hoon's DUI convictions as related offenses under USSG § 4A1.2(a)(2), because they had been consolidated for sentencing. If this argument is correct, Mr. Hoon's criminal-history points should have been reduced by two. Such a reduction, however, would not have affected his criminal-history category. The court calculated that Mr. Hoon had nine criminal-history points, and criminal-history category IV includes defendants with seven points as well as those with nine. Therefore, Mr. Hoon would have ended up with the same criminal-history category and the same Guidelines sentencing range.

Finally, we note that Mr. Hoon's sentence was clearly reasonable. A sentence within the Guidelines range is presumptively reasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2465 (2007); *United States v. Kristl*, 437 F.3d 1050, 1054–55 (10th Cir. 2006). The district court sentenced him at the low end of the applicable Guidelines range. We see nothing suggesting unreasonableness of the sentence.

We conclude that Mr. Hoon's claims are wholly frivolous. We therefore

DISMISS this appeal and GRANT his counsel's motion to withdraw.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge